IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                            CRIMINAL ACTION NO. 2:18-cr-00129-02

JASON HADDOX,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro se *Motion for Modification of Imposed Term of Imprisonment Under § 3582(c)(1)(A)* (Document 132). He requests that the Court reduce his sentence to time served and impose a term of supervised release with a condition of home confinement for the remainder of his sentence. He cites the COVID-19 epidemic and emphasizes that he has pre-existing conditions, including epilepsy, hypertension, and heart problems that place him at higher risk of serious illness or death if he should contract COVID-19 while incarcerated. The Defendant indicates that he filed a motion for compassionate release with the warden at FCI Fort Dix on April 9, 2020, and was told by his counselor that it would be summarily denied. He states that his parents are willing to serve as third-party custodians and cooperate with Probation to allow for home detention with electronic monitoring in their residence. To date, the United States has not filed a response.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Defendant was sentenced to 168 months of incarceration on April 3, 2019, as a result of his conviction for aiding and abetting the distribution of five grams or more of methamphetamine and for aiding and abetting the possession with intent to distribute fifty grams or more of methamphetamine. According to the Bureau of Prisons Inmate Locator, his anticipated release date is September 1, 2030.

The Bureau of Prisons has taken some measures to protect the inmate population from Covid-19, and it has significant flexibility to address the needs of vulnerable inmates, including through isolation within facilities, temporary furloughs, and transfers. This Court cannot address whether the BOP's measures are adequate to provide the Defendant with suitable conditions of confinement, as he is not confined within this district. Given that this Defendant has served only a small portion of his sentence and that his anticipated release date is more than a decade away, the Court finds that relief under § 3582(c)(1)(A)(i) based on the risk of contracting COVID-19 is not appropriate.

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion for Modification of Imposed Term of Imprisonment Under § 3582(c)(1)(A)* (Document 132) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

                ENTER:       May 29, 2020

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA