IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:18-cr-00129-02

JASON HADDOX,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Reconsideration of Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)* (Document 139). The Defendant requests that the Court reduce his sentence to time served and impose a term of supervised release with a condition of home confinement for the remainder of his sentence. He argues that the Court's previous denial placed inappropriate weight on the remaining length of his sentence, rather than on his risk factors for serious illness or death should he contract COVID-19. The United States did not file a response.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering

the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense.

The Defendant argues that his "obesity, hypertension, serious heart condition, and long history of smoking tobacco," as well as seizures, migraines and a depressed skull as a result of a car accident, place him at high risk for severe illness should he contract COVID-19, based on CDC data. He indicates that the BOP does not take precautions to protect vulnerable inmates from potential exposure to the virus. He is incarcerated at FCI-Fort Dix and indicates that the facility has had at least 60 cases of the novel coronavirus. He notes several cases in which judges granted motions for compassionate release related to inmates vulnerable to serious illness from COVID-19, including defendants serving lengthy sentences. His request for compassionate release filed with the warden at FCI Fort Dix has been denied.

The Court previously denied the Defendant's motion for compassionate release, finding that the applicable § 3553(a) factors did not warrant release given that he has completed only a small portion of his sentence. He has presented no new information that would support reconsideration of that denial. He was sentenced to 168 months of incarceration on April 3, 2019, as a result of his conviction for aiding and abetting the distribution of five grams or more of methamphetamine and for aiding and abetting the possession with intent to distribute fifty grams or more of methamphetamine. According to the Bureau of Prisons Inmate Locator, his anticipated release date is September 1, 2030.

In this case, the Defendant does have medical conditions that increase his risk of serious illness should he contract COVID-19. However, Mr. Haddox is a career offender with a lengthy criminal history, including prior drug offenses, arson, domestic battery, grand larceny, breaking and entering, and carrying a dangerous weapon. The offense for which he is currently incarcerated involved significant quantities of methamphetamine. As a career offender, his guideline range was 262 to 327 months, and his sentence of 168 months represented a substantial downward variance. Granting his motion would result in an effective sentence of just over two years, far below the statutory mandatory minimum for either offense of conviction. Such a sentence would not meet the goals of sentencing set forth in 18 U.S.C. § 3553(a). It would create unwarranted sentence disparity, it would not provide just punishment or adequate deterrence, and it would not adequately protect the public from further crimes committed by the Defendant.

As the Court previously explained, this Court does not have jurisdiction to address any challenge to the BOP's methods of addressing the pandemic within FCI Fort Dix because that institution is not within this district. Having found that compassionate release is not appropriate

for this Defendant, the Court cannot address his allegations regarding the conditions of confinement. Accordingly, after careful consideration, the Court **ORDERS** that the *Motion for Reconsideration of Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)* (Document 139) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 9, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA