IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:18-cr-00129-02

JASON HADDOX,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Defendant's pro-se letter-form *Motion for Modification of Imposed Imprisonment Under U.S.C. 3582(c)(1)(A) and the First Step Act of 2018* (Document 150), docketed on January 6, 2021, and his pro-se letter-form *Renewed Motion for Emergency Compassionate Release* (Document 151), docketed on January 28, 2021. He reports that he contracted Covid-19 after a spike in cases at FCI Fort Dix, where he is incarcerated. He expresses concern regarding conditions at FCI Fort Dix and with the Bureau of Prison's (BOP's) management of the pandemic. He notes his pre-existing conditions that increase the risk of serious illness, as well as the risk of re-infection, and argues that his efforts toward rehabilitation, employment history, and the availability of a safe and supportive residence weigh in favor of release. The United States did not file a response.

      Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons


to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense. The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

On May 29, 2020, the Court denied the Defendant's first motion for compassionate release, finding that the applicable § 3553(a) factors did not warrant release given that he has completed only a small portion of his sentence. On November 9, 2020, the Court denied a motion for reconsideration, finding that he had not presented new information that would alter the Court's consideration.

On April 3, 2018, Mr. Haddox, a career offender, was sentenced to 168 months of incarceration for his conviction for aiding and abetting the distribution of five grams or more of methamphetamine and for aiding and abetting the possession with intent to distribute fifty grams or more of methamphetamine. The Bureau of Prisons Inmate Finder tool indicates that his anticipated release date is December 5, 2030. He states that he may be eligible for release to a halfway house in 2028.

The only change in circumstance Mr. Haddox presents is the spike in Covid-19 cases in his facility and his own positive test result. He does not suggest that he has received inadequate medical care or experienced severe or life-threatening symptoms. The Court's reasoning for denying the previous motions remains. The sentencing factors set forth in 18 U.S.C. §3553(a) do not support such a substantial early release, for all the reasons discussed in the Court's previous orders and at the original sentencing.

Accordingly, after careful consideration, the Court **ORDERS** that the Defendant's pro-se letter-form *Motion for Modification of Imposed Imprisonment Under U.S.C. 3582(c)(1)(A) and the First Step Act of 2018* (Document 150) and the pro-se letter-form *Renewed Motion for Emergency Compassionate Release* (Document 151) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

        ENTER:    March 1, 2021

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA